IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IN RE CHRISTOPHER
VAN WAGNER,

                                                                 MISCELLANEOUS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On August 27, 2008, the United States Magistrate Judge set a date of February 9, 2009, for trial in the case of United States v. Lathrop, 08-cr-124-bbc. At the time, defendant Lathrop was represented by Tracey Wood. On November 10, 2008, Christopher Van Wagner filed an appearance as "additional counsel" for defendant; in fact, from then on, he handled the case himself.

On February 2, 2009, Van Wagner appeared with defendant at the final pretrial conference before the magistrate judge. He said nothing that day about any difficulties he was experiencing in preparing for trial the following week. Four days later, on February 5, however, he filed a motion prior to the final conference seeking a 30-day continuance of trial. I heard the motion at the final conference that afternoon and found no reason to grant it. Although Van Wagner said that he had been unable to investigate the Jencks Act

1

materials so as to defend against him, he acknowledged that the government had filed the materials 30 days before trial, well in advance of the time the law requires their disclosure. When I said that I would deny the motion, Van Wagner advised the court that he was completely unprepared to represent his client on the following Monday. In effect, he could not provide his counsel a constitutionally effective representation. Rather than force Van Wagner and his client to trial on the scheduled date of trial, after he had made it clear that he could not meet the minimal criteria for a constitutionally effective defense, I allowed him a 14-day continuance to February 23, 2009.

Although the canons of ethics require lawyers to arrange their workloads so that they can give adequate attention to each matter on which they embark, this is the third occasion on which Van Wagner has come to the brink of trial unprepared to proceed. (Rather than recount the sorry stories of his representational failures in those cases, I have attached the relevant orders from the magistrate judge.) Granted, these three occasions are spread over the course of ten years, but I cannot remember any other criminal defense lawyer practicing in this court who has been in that position *once* in that same time period, let alone three times. I know of no other lawyer who has been in that position in one-quarter of the criminal cases he has handled. (The court records show that in the last ten years, Van Wagner has appeared 12 times as counsel in a criminal case in this court.)

This behavior requires a response from the court. Each time that Van Wagner

neglects his cases until the eve of trial has serious repercussions for prospective jurors, who have arranged their schedules and taken time off from work to report for jury selection and trial, for the witnesses who have had to make the same arrangements so that they can be present in court in Madison, for the United States Attorney's Office, which has set aside the time and resources for trial and will have to duplicate much of the work for a continued trial, and for the litigants in other cases that have to be moved to a new date to make room for the re-scheduled criminal trial. I have considered simply striking Van Wagner from this court's bar. Because he can be an effective advocate for his clients, however, I have chosen to adopt a different policy, effective immediately.

> If, in any criminal case in which he is appearing as counsel for the defendant, Christopher Van Wagner seeks a continuance of trial within thirty (30) days of the date set for trial, his request will be granted on one condition only: that he withdraw from representation of his client immediately and return to that client all funds paid to him by or on behalf of his client as of that date.

Entered this 27th day of February, 2009.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge